| | |
|---|---|
| **WO** | RP |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| George Johnson, | ) | No. CV 09-959-PHX-GMS (DKD) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Charles Ryan, et al., | ) | |
| Respondents. | ) | |

On May 4, 2009, Petitioner George Johnson, who is confined in the Arizona State Prison Complex-Tucson, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1). Petitioner did not immediately pay the $5.00 filing fee or file an Application to Proceed *In Forma Pauperis*.

By Order filed May 13, 2009 (Doc. #3), the Court gave Petitioner 30 days from the filing date of the Order to either pay the $5.00 filing fee or file a completed Application to Proceed *In Forma Pauperis*. On May 26, 2009, the $5.00 filing fee was paid (Doc. #4).

By Order filed September 4, 2009 (Doc. #5), the Court dismissed the Petition without prejudice, with leave to amend, and gave Petitioner 30 days from the filing date of the Order to file an amended petition.

/ / /

/ / /

**TERMPSREF**

**I.	Amended Petitions**

On September 21, 2009, Petitioner filed an Amended Petition (Doc. #6). Then, on October 2, 2009, Petitioner filed a Second Amended Petition (Doc. #7), which is accompanied by a request to accept this Second Amended Petition.

Petitioner's request will be granted in the interest of justice. No Respondents have yet been served in this action, and therefore no responsive pleadings have been served.

Named as Respondent in the Second Amended Petition is Charles Ryan, Director of the Arizona Department of Corrections. The Attorney General of the State of Arizona is named as an Additional Respondent.

In his Second Amended Petition, Petitioner challenges his October 12, 2007 judgment of conviction for Burglary in the third degree, entered in the Maricopa County Superior Court in matter #CR 2005-008016-001 DT. Petitioner alleges that he was sentenced to an eight-year term of imprisonment.

Petitioner presents four grounds for habeas corpus relief in his Second Amended Petition:

(1)	"Prosecutorial misconduct/malicious prosecution [i]n violation of the Constitution, laws, or treaties of the United States '(Right of due process)'";

(2)	"Ineffective assistance of counsel [i]n violation of the Constitution, laws, or treaties of the United States[] (Violation of rules and procedures)";

(3)	"Sentence of a prior conviction is in violation of the United States of Arizona Constitution [i]n violation of the Constitution, laws, or treaties of the United States (1973 Rules of criminal procedure/'appellate will not be penalized for exercising the right to appeal')"; and

(4)	"Malicious arrest [i]n violation of the Constitution, laws, or treaties of the United States."

Petitioner affirmatively alleges that the issues raised in all of his grounds have been presented to the Arizona Court of Appeals.

The Court will require an answer to the Second Amended Petition.

## II. Warnings

### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court **must serve** a copy of the Second Amended Petition (Doc. #7) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(2) Respondents **must answer** the Second Amended Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be

1 treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If
2 not limited to affirmative defenses, the answer must fully comply with all of the
3 requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(3) Petitioner **may file** a reply within 30 days from the date of service of the answer.

(4) This matter is **referred** to Magistrate Judge David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 19th day of November, 2009.

_G. Murray Snow_
United States District Judge