IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Johnson,<br>　　　　Petitioner,<br>vs.<br>Charles Ryan, et al.,<br>　　　　Respondents. | No. CIV 09-0959-PHX-GMS (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

On October 2, 2009, George Johnson filed a Second Amended Petition for Writ of Habeas Corpus,[1] challenging his conviction for third degree burglary and the imposition of an eight-year prison term. He raises four grounds for habeas relief: (1) prosecutorial misconduct; (2) ineffective assistance of counsel; (3) the improper use of a prior conviction as a sentence enhancement; and (4) malicious arrest. On January 21, 2010, Respondents filed a Motion to Dismiss, seeking dismissal of the petition without prejudice, citing a post-conviction proceeding pending in state court. The Court recommends that the motion be granted, and that Johnson's petition be dismissed without prejudice.

A review of the Maricopa County Superior Court docket in #CR2005-008016 indicates that Johnson filed a Notice of Post-Conviction Relief on September 23, 2008. On

---

[1] His original petition, filed May 4, 2009, was dismissed with leave to amend. *See* Doc. #5. On September 21, 2009, he filed an Amended Petition; on October 2, 2009, he filed a Second Amended Petition. *See* Doc. ##6, 7. On March 5, 2010, Johnson filed a Third Amended Petition. *See* Doc. #14. The Court will strike this pleading for failure to seek leave of court. *See* LRCiv 15.1.

October 21, 2008, the trial court appointed counsel, and set deadlines for the filing of a petition, response and reply. On February 6, 2009, the trial court granted Johnson a thirty-day extension to file his petition. On April 17, 2009, the trial court acknowledged receipt of counsel's Notice of Completion of Post-Conviction Review. The court also ordered Post-Conviction Counsel to remain as advisory counsel until a final determination has been made by the trial court concerning any post-conviction relief proceeding. In addition, the trial court ordered that Johnson be given 45 days from the date of the Order to file a pro se Petition for Post-Conviction Relief, and scheduled deadlines for filing the response and reply.

On December 14, 2009, the trial court issued a minute entry stating as follows:

> The Court has reviewed defendant's Pro Per Petition for Post-Conviction Relief. The petition fails to conform to Rule 32.5 Arizona Rules of Civil Procedure, as it does not contain sufficient facts for the Court to evaluate defendant's claims.
>
> IT IS THEREFORE ORDERED striking the defendant's Pro Per Petition for Post-Conviction Relief. It is further ordered granting defendant an extension of time to and including January 11, 2010 in which to file an amended petition. Failure to file an amended petition by January 11, 2010, will result in dismissal of this Rule 32 proceeding. The State's response shall be filed within 45 days after the amended petition is filed. Defendant may file a reply within 15 days after the response is filed.

Although Johnson did not file an amended petition within the prescribed time period, and has filed nothing further in superior court, the Rule 32 proceeding remains open, pending a final decision by the trial court.

A Federal District Court is not authorized to grant a writ of habeas corpus sought by someone in custody pursuant to a judgment of a state court "unless it appears that the applicant has exhausted the remedies available in the court of the State." *See* 28 U.S.C. § 2254(b)(1)(A). If an appeal or collateral-review proceeding is pending in state court, a petitioner has not exhausted his remedies until the completion of those proceedings. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). Because Johnson's post-conviction proceedings are still pending in Maricopa County Superior Court, his habeas petition is premature and should be dismissed. The Court recommends a dismissal without prejudice,

to allow Johnson to refile his federal petition upon completion of post-conviction proceedings in state court.

**IT IS THEREFORE RECOMMENDED** that Respondents' Motion to Dismiss be **granted** (Doc. #13).

**IT IS FURTHER RECOMMENDED** that George Johnson's Second Amended Petition for Writ of Habeas Corpus be **denied without prejudice** (Doc. #7).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS ORDERED striking** Johnson's Third Amended Petition for Writ of Habeas Corpus (Doc. #14).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 15th day of April, 2010.

_____
David K. Duncan
United States Magistrate Judge