WO

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Johnson,<br><br>        Petitioner,<br><br>vs.<br><br>Charles Ryan,<br><br>        Respondent. | No. CV-09-959-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the Petition for Writ of Habeas Corpus, filed by Petitioner George Johnson. (Dkt. # 7.) On April 15, 2010, Magistrate Judge David K. Duncan issued a Report and Recommendation ("R & R") in which he proposed that the Court deny the habeas petition without prejudice because Mr. Johnson's state-court petition for post-conviction relief was still pending before the Maricopa County Superior Court. (Dkt. # 15.) Mr. Johnson timely filed Written Objections to the R & R on April 26, 2010 (Dkt. # 16); nonetheless, because those objections are without merit, the Court accepts the R & R as set forth below.

**STANDARD OF REVIEW**

Federal district courts "'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].'" *Carillo-Lozano v. Stolc*, 669 F. Supp.2d 1074, 1076 (D. Ariz. 2009) (quoting 28 U.S.C. § 636(b)(1)); *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While a district judge "must review the

magistrate judge's findings and recommendations *de novo if objection is made*," *Schmidt v. Johnstone*, 263 F. Supp.2d 1219, 1226 (D. Ariz. 2003)), no such review is necessary when the parties do not raise objections. *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (holding that district courts are not required to conduct "any review at all . . . of any issue that is not the subject of objection"); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a *de novo* determination of those portions of the [R & R] to which objection is made."); *Carrillo-Lozano*, 669 F. Supp. at 1076 (same).

## DISCUSSION

State prisoners seeking to challenge their convictions or sentences through a writ of habeas corpus must first exhaust state judicial remedies by giving to the highest state court a fair opportunity to rule on the merits of each issue they wish to raise in federal court. 28 U.S.C. § 2254(b),(c). When a habeas petitioner has post-conviction proceedings pending in state court, the exhaustion requirement is not satisfied. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). Even if the issue that a habeas petitioner plans to raise in his federal petition has been finally settled in state court, and hence seemingly exhausted, the petitioner must await the outcome of any pending state-court challenges to his state conviction before proceeding in federal court. *Id.* In addition, a federal petitioner may not complete the exhaustion process in state court after filing a federal petition with then-unexhausted claims: "The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for hearing in the district court or court of appeals." *Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999) (citations omitted) (quoting *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir.1993) (per curiam)); *see also Domaingue v. Butterworth*, 641 F.2d 8, 14 (1st Cir. 1981) (declining to take judicial notice of state court decision allegedly establishing exhaustion because that decision was rendered *after* the petitioner filed his federal habeas petition).

In this case, Judge Duncan recommended that the Court deny Mr. Johnson's habeas petition because his "post-conviction proceedings are still pending" in Arizona State Court. (Dkt. # 15 at 2.) In his Written Objections, Mr. Johnson provides a minute entry from

Maricopa County Superior indicating that his state court proceedings were dismissed on April 9, 2010, six days before Judge Duncan issued the R & R. (*See* Dkt. # 16 at 2.) Yet, while it appears that Mr. Johnson's petition for collateral review is no longer pending in state court, *Gatlin* instructs that his habeas petition must be dismissed because "[t]he appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for hearing in the district court or court of appeals." *See* 189 F.3d at 889. Mr. Johnson filed the instant Petition on October 2, 2009. (Dkt. # 6.) At that time, his state post-conviction relief proceedings were still pending. (*See* Dkt. # 16 at 2.) Accordingly, the R & R correctly determined that Mr. Johnson's habeas Petition should be dismissed for failure to exhaust.[1]

**IT IS THEREFORE ORDERED:**

(1) Judge Duncan's R & R (Dkt. # 15) is **ACCEPTED** as set forth in this Order;.

(2) Mr. Johnson's Petition for Writ of Habeas Corpus and request for an evidentiary hearing (Dkt. # 7) are **DENIED** without prejudice;

(3) The Clerk of Court is directed to **TERMINATE** this action.

(4) A certificate of appealability is **DENIED** with respect to each of the claims asserted in Mr. Johnson's Petition.

DATED this 5th day of May, 2010.

G. Murray Snow
United States District Judge

---

[1] Dismissal for failure to exhaust is neither a dismissal with prejudice nor a denial on the merits; therefore, should Mr. Johnson return to federal court with another petition after exhausting his state claims, the latter petition will not be considered a "second or successive petition" subject to heightened procedural scrutiny. *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000).